IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GATHRIGHT,

    Plaintiff,                    No. CIV S-06-1513 DFL DAD P

    vs.

KEYHEA, et al.,

    Defendants.            ORDER

/

        Plaintiff, a state prisoner at California State Prison - Sacramento, has filed a hand-written civil rights complaint, but he has not named a proper defendant. In his complaint plaintiff merely lists the court case, "Keyhea vs. Rushen," as the defendants. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Because plaintiff has failed to comply with these requirements, the court will dismiss the complaint and order plaintiff to file an amended complaint, using the form complaint provided by the court if he wishes to pursue this action.

/////

1

1   Plaintiff is advised that in his complaint he must demonstrate how the conditions
2 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
3 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
4 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
5 is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
10   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12 amended complaint be complete in itself without reference to any prior pleading.  This is
13 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.
18   Plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee.
19 See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff will be provided the opportunity either to submit
20 the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the
21 appropriate filing fee.
22   In accordance with the above, IT IS HEREBY ORDERED that:
23   1. Plaintiff's complaint, filed on July 10, 2006, is dismissed without prejudice;
24   2. Plaintiff is granted thirty days from the date of service of this order to file an
25 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
26 Rules of Civil Procedure, and the Local Rules of Practice; plaintiff shall use the form complaint

provided by the court; the amended complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the amended complaint;

       3. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

       4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action and the Application to Proceed In Forma Pauperis By a Prisoner; and

       5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: September 15, 2006.

                                          */s/ Dale A. Drozd*
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
gath1513.ncmp+

3